# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| JOSEPH WILSON, | ) |
|     Plaintiff, | ) |
| v. | )   16-cv-02508-TMP |
| K.T.G. (USA), INC., | ) |
|     Defendant. | ) |

## ORDER DENYING PLAINTIFF'S MOTION FOR NEW TRIAL

Before the court is plaintiff Joseph Wilson's Motion for New Trial, filed on December 27, 2018. (ECF No. 107.) Defendant K.T.G. (USA), Inc. ("K.T.G.") responded on January 24, 2019. (ECF No. 115.) For the following reasons, the motion is DENIED.

## I. BACKGROUND

On February 7, 2011, Wilson, who is African-American, started working as a Unitizer/Loader Operator for K.T.G.[1] On February 25, 2013, Anthony Dix, who is also African-American, became Wilson's supervisor and remained his supervisor up through Wilson's termination. K.T.G. has a Progressive Discipline Policy in place with escalating punishment for

---

[1]A more in-depth discussion of the facts surrounding this case can be found in this court's summary judgment order. See Wilson v. K.T.G. (USA), Inc., No. 2:16-cv-2508, ECF No. 51, 2018 WL 4571604 (W.D. Tenn. Sept. 24, 2018).

employee misconduct: for the first instance of misconduct, the employee is orally reprimanded; for the second, the employee receives a written warning; for the third, the employee receives a final written warning and a suspension; and for the fourth, the employee is terminated. Dix has the sole discretion to discipline an employee who is under his supervision for that employee's first three acts of misconduct. Dix is therefore able to suspend an employee without involving anyone from K.T.G.'s Human Resource department. Utilizing his discretion, Dix first disciplined Wilson on September 30, 2013, for failing to clean up a product spill and placing pallets in front of the area of the spill. On November 5, 2013, Dix disciplined Wilson for talking on his cell phone at work. After each of these incidents, Wilson filed internal grievances complaining about Dix's "harassing" behavior. For example, on October 22, 2013, Wilson filed a grievance in which he stated that Dix had been bullying and harassing him and "has made my job a hostile work environment" based on "my ethic [sic] age." (ECF No. 32-3 at 78-79.) On November 6, 2013, Wilson filed a charge of discrimination with the EEOC, Charge No. 490-2014-00128 (the "Charge"), in which he alleged as follows:

> Since Anthony Dix became my supervisor he consistently harasses and scrutinizes my work. On October 2, 2013, I received a write up from Dix. On or about October 29, 2013, I filed a grievance concerning Dix's harassing behavior. On November 5, 2013, I received a

> written-up [sic] from Dix. I believe I have been
> discriminated against because of my race (Black) and
> retaliated against in violation of Title VII[.]

(ECF No. 37-4 at 20.)

Sometime in December 2017, Dix suspended Wilson for allegedly failing to complete a Receiving Report, which loaders, such as Wilson, were required to complete. Wilson contended that completing the Receiving Report was not required and that Dix actually suspended him in retaliation for engaging in protected activity. Dix's decision to suspend Wilson was made without input from or involvement of any other K.T.G. supervisor or Human Resources' employee. At the time Dix suspended Wilson, Dix was aware that Wilson had filed internal grievances; however, Dix had no knowledge that Wilson had filed the Charge. Ann Fleck, K.T.G's Human Resources Manager, had no knowledge of Wilson's internal grievances when Dix suspended Wilson. Fleck did not know that Wilson had filed the internal grievances until January 2014, which was after Dix suspended Wilson. (ECF No. 111 at 44.) In addition, Fleck did not know that Wilson had filed the Charge until late December 2013 or early January 2014 (after Dix suspended Wilson).

This case proceeded to a jury trial in November 2018 to resolve a single issue - whether Dix suspended Wilson in

retaliation for the grievances Wilson filed.[2]  Prior to trial, on November 12, 2018, K.T.G. filed a motion in limine seeking to exclude evidence regarding the Charge.  (ECF No. 61.)  The next day, the court held a pretrial conference and when Wilson was asked about K.T.G.'s motion in limine, he asserted that filing a response in opposition to the motion was unnecessary because he did not oppose the motion.  The court therefore granted the unopposed motion.  (ECF No. 65.)  However, on the morning of trial Wilson's position changed.  Contrary to his earlier representation, Wilson argued that while the Charge itself should not be admitted, evidence referencing the Charge should be admitted.  As one example, Wilson argued that statements where Wilson references that he filed the Charge, within his Exhibit 13, should be admitted.  (See ECF No. 107-1, Unredacted Copy of Wilson's Exhibit 13.)  The court disagreed with Wilson and again ordered that evidence regarding the Charge would not be admitted.  (ECF No. 96.)

After the parties presented closing arguments, the court instructed the jury.  During its deliberations, the jury asked the following question: "For Mr. Wilson's Grievances to be protected activities under Title VII, do the grievances have to allege prohibited discrimination."  (ECF No. 103 at 2.)  After

---

[2]Wilson raised several other claims that the court dismissed at the summary judgment stage.  (ECF No. 51.)

discussing that question with the parties, the court took a lengthy recess to consider the parties' arguments and to review Sixth Circuit case law. The court then notified the parties that it would give the jury the following supplemental instruction:

> To come within the protection of Title VII, the plaintiff must prove that he challenged an employment practice that he reasonably believed was unlawful. Title VII does not restrict the manner or means by which an employee may oppose an unlawful employment practice. The manner of opposition must be reasonable, and that opposition must be based on a reasonable and good faith belief that the opposed practice was unlawful. In other words, a violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful. Title VII does not protect an employee if his opposition is merely a vague charge of discrimination. Although vague complaints do not constitute opposition, the law does not require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision.

(ECF No. 104.) The court explained to the parties the bases for this supplemental instruction:

> And, then, second, this supplemental instruction, let me explain to you what I've done. First of all, I've taken the first sentence from the protected activity section of the Yazdian opinion. The only change I made in Yazdian, it says, "Yazdian must establish," and that was a summary judgment issue at trial, so I substituted that by saying that, "The plaintiff must prove that he challenged an employment practice that he believed was unlawful."
>
> The second sentence, which Plaintiff asked to include, says, "Title VII does not restrict the manner or means by which an employee may oppose an unlawful employment practice."

The third sentence of Yazdian, I'm not including, the one that read, "Indeed, a demand that the supervisor cease his or her harassing conduct constituted protected activity covered under Title VII."

I think that would be misleading to the jury because the way it reads, it sounds like I'm telling them what would be found - what they should find, excuse me, and that's confusing and misleading and inappropriate as part of the jury instruction. So that sentence of Yazdian that begins with the demand that a supervisor cease, I am not including in the instruction.

The next sentence of my instruction, "The manner of opposition must be reasonable and that opposition must be based on a reasonable and good-faith belief that the opposed practice was unlawful," comes partly from Yazdian on page 646, and that's actually consistent with the existing instruction about a good-faith belief that we have in instruction No. 10, good-faith belief.

That quote is from - is taken from Yazdian quoting Johnson, and Johnson – that language - and I have a copy of the Johnson opinion at the podium if anyone wants to look at that, but it's taken from the 6th Circuit opinion in Johnson.

The next two sentences, actually, "The manner of opposition must be reasonable and the opposition must be based on a reasonable and good-faith belief that the opposed practice was unlawful. In other words, a violation of Title VII's retaliation provision can be found whether or not the challenge practice ultimately is found to be unlawful." Again, that's taken from Johnson.

And the last two sentences, "Title VII does not protect an employee" - I did leave out the word "however" to not highlight this sentence, but "Title VII does not protect an employee if his opposition is merely a vague charge of discrimination and, although vague complaints do not constitute opposition, the law does not require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision."

> Ms. Collins, do you wish to be heard on this instruction?

(ECF No. 113 at 26:7-28:18.)

Wilson objected to the last two sentences of the instruction. The court overruled Wilson's objection and gave the jury the above-quoted supplemental instruction. (ECF No. 113 at 28-29.) Ultimately, the jury returned a verdict in K.T.G.'s favor and the court subsequently entered judgment in conformity with the verdict. (ECF Nos. 105; 106.) In the present motion, Wilson argues that a new trial is warranted because (1) the court improperly excluded evidence regarding the Charge; and (2) the supplemental jury instruction was erroneous. (ECF No. 107.)

## II. ANALYSIS

After a jury trial, a court may grant a new trial "for any of the reasons for which new trials have heretofore been granted in actions at law in the courts of the United States." Fed. R. Civ. P. 59(a)(1)(A). "A new trial is appropriate when the jury reaches a 'seriously erroneous result as evidenced by (1) the verdict being against the [clear] weight of the evidence; (2) the damages being excessive; or (3) the trial being unfair to the moving party in some fashion, i.e., the proceedings being influenced by prejudice or bias.'" Cummins v. BIC USA, Inc., 727 F.3d 506, 509–10 (6th Cir. 2013) (quoting Static Control

Components, Inc. v. Lexmark Int'l, Inc., 697 F.3d 387, 414 (6th Cir. 2012)). Furthermore, "a motion for a new trial will not be granted unless the moving party suffered prejudice." Tompkin v. Philip Morris USA, Inc., 362 F.3d 882, 891 (6th Cir. 2004). "The burden of showing harmful prejudice rests on the party seeking the new trial." Simmons v. Napier, 626 F. App'x 129, 132 (6th Cir. 2015) (quoting Tobin v. Astra Pharm. Prods., Inc., 993 F.2d 528, 541 (6th Cir. 1993)). The Sixth Circuit has explained that "the governing principle in the district court's consideration of a motion for a new trial is whether, in the judgment of the trial judge, such course is required in order to prevent an injustice[.]" Park W. Galleries, Inc. v. Hochman, 692 F.3d 539, 544 (6th Cir. 2012) (quoting Davis v. Jellico Cmty. Hosp. Inc., 912 F.2d 129, 133 (6th Cir. 1990)). The party seeking a new trial thus bears "a heavy burden." Miller v. Am. President Lines, Ltd., 989 F.2d 1450, 1466 (6th Cir. 1993).

**A. Wilson's Exhibit 13 – Reference to the EEOC Charge**

Relevant evidence is generally admissible. Fed. R. Evid. 402. "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401(a-b). However, relevant evidence is excludable "if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice,

confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. "[I]f a mistake has been made regarding the admission or exclusion of evidence, a new trial will not be granted unless the evidence would have caused a different outcome at trial." Tompkin, 362 F.3d at 891 (quoting Morales v. Am. Honda Motor Co., Inc., 151 F.3d 500, 514 (6th Cir. 1998)); Decker v. GE Healthcare Inc., 770 F.3d 378, 391 (6th Cir. 2014) ("An erroneous evidentiary ruling amounts to reversible error, justifying a new trial, only if it was not harmless; that is, only if it affected the outcome of the trial." (internal citation and quotation omitted)). "To demonstrate prejudice stemming from evidentiary error, it is not sufficient merely to show that the district court made a mistake in admitting or excluding certain evidence." Simmons, 626 F. App'x at 132.

Wilson argues that he is entitled to a new trial because "the blanket exclusion of any reference to Plaintiff's protected conduct with the EEOC likely swayed the jury." (ECF No. 107 at 5.) Specifically, Wilson contends that the court improperly redacted his Exhibit 13 by removing statements stating that he "filed a charge of racial discrimination with the EEOC." (Id. at 4.) On November 12, 2018, K.T.G. filed a motion to exclude Wilson's Charge and any references to the Charge. (ECF No. 61.) The next day, the court held a pretrial conference. At this

-9-

conference, Wilson was asked about K.T.G.'s motion seeking to exclude evidence regarding the Charge. Wilson asserted that it was unnecessary for him to respond to the motion because he did not oppose the motion. Accordingly, the court orally granted K.T.G.'s motion. (ECF No. 65.) On the morning of trial, however, Wilson attempted to relitigate this issue. After hearing further arguments, the court again ruled that evidence regarding the Charge, including references to the Charge made within Wilson's Exhibit 13, would be excluded, and subsequently entered a written order to that effect. (ECF No. 96; ECF No. 114 at 32-34.)

Assuming, *arguendo*, that Wilson has not waived his objection to the court's evidentiary ruling, see <u>K.C. ex rel. Calaway v. Schucker</u>, No. 02-2715-STA, 2013 WL 5972192, at *4 (W.D. Tenn. Nov. 8, 2013), Wilson's argument fails on the merits. The only issue at trial was whether Dix suspended Wilson in retaliation for filing grievances. As this court previously stated:

> [E]vidence relating to the November 6, 2013 EEOC Charge is irrelevant to the present retaliation claim. <u>See</u> Fed. R. Evid. 402. The court has previously ruled that, based on the record submitted with the summary judgment briefing, no reasonable juror could find that either Wilson's supervisor or K.T.G.'s Human Resources Manager knew about the November 6, 2018 EEOC Charge prior to the suspension. Because the court has already determined that, as a matter of law, the EEOC Charge was not a basis for the alleged retaliation, the EEOC

> Charge is irrelevant to determining whether K.T.G. unlawfully retaliated against Wilson.
>
> Second, to the extent that evidence regarding the EEOC Charge is relevant, any probative value is substantially outweighed by the risk of undue prejudice, confusing the issue, misleading the jury, or needlessly presenting cumulative evidence. See Fed. R. Evid. 403. The EEOC Charge referred to two prior written disciplinary notices that Wilson received, and asserted that K.T.G. discriminated against Wilson on the basis of race. Evidence regarding the disciplinary notices and grievances Wilson filed in response is otherwise admissible, so introducing additional evidence in the form of the EEOC Charge is needlessly cumulative. Furthermore, allowing references to the EEOC Charge presents a significant threat of confusing the issue, misleading the jury, and subjecting K.T.G. to undue prejudice.

(ECF No. 96 at 2-3.) Wilson has again failed to provide the court with any basis to disturb the above order excluding references to the Charge. Moreover, even if the court were to conclude that it erroneously excluded evidence regarding the Charge, a new trial would not be warranted. Wilson has not established that a verdict would have been returned in his favor if Exhibit 13 would have been admitted in its entirety. For these reasons, Wilson is not entitled to a new trial on these grounds.

**B.   Supplemental Jury Instruction #24 – Protected Activity**

Federal Rule of Civil Procedure 51(d) recognizes that a litigant may object to a proposed jury instruction he or she finds erroneous and object if a court fails to give an instruction he or she requested. The rule provides:

> (1) Assigning Error. A party may assign as error:
>
> (A) an error in an instruction actually given, if that party properly objected; or
>
> (B) a failure to give an instruction, if that party properly requested it and - unless the court rejected the request in a definitive ruling on the record - also properly objected.

Fed. R. Civ. P. 51(d)(1)(A-B). "The Court considers jury instructions as a whole 'to determine whether they fairly and adequately submitted the issues and applicable law to the jury.'" Cone v. Hankook Tire Co., No. 14-1122, 2017 WL 3611756, at *2 (W.D. Tenn. Aug. 22, 2017) (quoting Nolan v. Memphis City Schs., 589 F.3d 257, 264 (6th Cir. 2009)); Pivnick v. White, Getgey & Meyer Co., 552 F.3d 479, 488 (6th Cir. 2009) ("Our inquiry into jury instructions is limited to whether, taken as a whole, the instructions adequately inform the jury of the relevant considerations and provide the jury with a sound basis in law with which to reach a conclusion." (quoting United States v. Wells, 211 F.3d 988, 1002 (6th Cir. 2000))). "A party is not entitled to a new trial based upon alleged deficiencies in the jury instructions unless the instructions, taken as a whole, are misleading or give an inadequate understanding of the law." Tannenbaum v. Fed. Ins. Co., 608 F. App'x 316, 319 (6th Cir. 2015) (quoting Arban v. West Publ'g Corp., 345 F.3d 390, 404 (6th Cir. 2003)). "[A] trial court is given broad discretion in wording its jury instructions and will not be

reversed as long as the charge correctly states the substance of the law." Mengelkamp v. Lake Metro. Hous. Auth., 549 F. App'x 323, 331 (6th Cir. 2013) (quoting United States v. L'Hoste, 609 F.2d 796, 805 (5th Cir. 1980)).

Wilson argues that a new trial is warranted because the court's supplemental jury instruction was erroneous. (ECF No. 107 at 5-6.) During its deliberations, the jury asked whether Wilson's grievances must allege prohibited discrimination to qualify as protected activity under Title VII. (ECF No. 103 at 2.) Wilson initially requested that the court simply answer the question "no." (ECF No. 113 at 6:19-6:24.) Subsequently, utilizing the Sixth Circuit's decisions in Yazdian v. ConMed Endoscopic Techs., Inc., 793 F.3d 634 (6th Cir. 2015) and E.E.O.C. v. New Breed Logistics, 783 F.3d 1057 (6th Cir. 2015), Wilson asked that the jury be instructed as follows:

> Title VII does not restrict the manner or means by which and employee may oppose and unlawful employment practice. . . . Indeed, a demand that a supervisor cease his or her harassing conduct constitutes protected activity covered by Title VII.

(Id. at 14.) The court ultimately proposed, and later utilized, the following jury instruction, which was based on language taken from Sixth Circuit cases:

> To come within the protection of Title VII, the plaintiff must prove that he challenged an employment practice that he reasonably believed was unlawful. Title VII does not restrict the manner or means by which an employee may oppose an unlawful employment

-13-

> practice. The manner of opposition must be reasonable, and that opposition must be based on a reasonable and good faith belief that the opposed practice was unlawful. In other words, a violation of Title VII's retaliation provision can be found whether or not the challenged practice ultimately is found to be unlawful. Title VII does not protect an employee if his opposition is merely a vague charge of discrimination. Although vague complaints do not constitute opposition, the law does not require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision.

(ECF No. 104.) Wilson objected to only the last two sentences of this instruction, and the court overruled the objection. (ECF No. 113 at 28-29.)

In his motion for a new trial, Wilson again argues that the last two sentences of the supplemental instruction, which reference "vague complaints," are contrary to law. (ECF No. 107 at 6.) Wilson specifically argues that "[w]hile a Court or attorneys reviewing the statement that a 'vague complaint does not constitute opposition' has the benefit of the context and explanations provided by the multiple cases that followed Booker, this jury did not, and to have that statement about 'vague' complaints reiterated twice, to a lay person, it is not difficult to see how they rendered the verdict they did." (Id.) The court rejects this argument and finds that Wilson "has not discharged his heavy burden to show that the Court's instructions were erroneous or that they misled the jury." Cone, 2017 WL 3611756, at *2. Out of the twenty-seven pages of

jury instructions, Wilson only challenges the final two sentences of the supplemental jury instruction. The court finds that the jury instructions were proper because "as a whole, they 'fairly and adequately submitted the issues and applicable law to the jury.'" Troyer v. T.John.E. Prods., 526 F. App'x 522, 525 (6th Cir. 2013) (quoting Arban, 345 F.3d at 404). Further, the court finds that the last two sentences of the supplemental jury instruction, which Wilson challenges, accurately describe the governing legal standard and neither misled nor confused the jury.

Wilson argues that the challenged portion of the supplemental jury instruction comes from the Sixth Circuit's decision in Booker v. Brown & Williamson Tobacco, Co., 879 F.2d 1304, 131 (6th Cir. 1989), which has been "clarified and distinguished by the Sixth Circuit many times since 1989." (ECF No. 107 at 5.) While the Sixth Circuit has factually distinguished Booker in subsequent cases, it has, on numerous occasions, reaffirmed that "Title VII does not protect an employee . . . if his opposition is merely a 'vague charge of discrimination.'" Yazdian, 793 F.3d at 645. The Sixth Circuit has also clarified that "[a]lthough vague complaints do not constitute opposition, 'Booker does not . . . require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision.'" Id. at 645 (quoting Stevens v. Saint

Elizabeth Med. Ctr., Inc., 533 F. App'x 624, 631 (6th Cir. 2013)); see also Mumm v. Charter Twp. of Superior, 727 F. App'x 110, 112-13 (6th Cir. 2018) ("[W]hile a complaint need not be lodged with absolute formality, clarity, or precision, a vague charge of discrimination is insufficient to constitute opposition to an unlawful employment practice." (internal citation and quotation omitted)); Braun v. Ultimate Jetcharters, LLC, 828 F.3d 501, 511 (6th Cir. 2016) ("As UJC notes, however, a vague charge of discrimination . . . is insufficient to constitute opposition to an unlawful employment practice. . . . Still, these holdings do not require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision." (internal citation and quotation omitted)); Stevens, 533 F. App'x at 631 ("We have held, [in Booker,] that a vague charge of discrimination in an internal letter or memorandum is insufficient to constitute opposition to an unlawful employment practice. Booker does not, however, require that the plaintiff's complaint be lodged with absolute formality, clarity, or precision." (internal citation and quotation omitted)). The two sentences of jury instructions that Wilson now challenges trace the exact wording used by the Sixth Circuit in those decisions. Accordingly, the court concludes that the jury instructions were proper.

## III. CONCLUSION

For these reasons, Wilson's Motion for New Trial is DENIED.

IT IS SO ORDERED.

                                      s/ Tu M. Pham
                                      TU M. PHAM
                                      United States Magistrate Judge

                                      August 6, 2019
                                      Date